■ CATHERINE VENIZELOS et al., Individually and on Behalf of All Other Shareholders Similarly Situated, Appellants, v GREGOFAM EMPRESAS COMERCIALES, S.A., et al., Respondents, et al., Defendants. [657 NYS2d 680] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 30, 1996, which confirmed the report of the Special Referee and dismissed the complaint for lack of jurisdiction, unanimously modified, on the law, to the extent of disaffirming the report as to defendant Stamatis Gregos and reinstating the complaint as against him, and otherwise affirmed, without costs.

The Special Referee's finding that plaintiffs had failed to sustain their burden of demonstrating a jurisdictional basis over the defendant entities was based largely upon his determination of credibility and was supported by the record (*see, Huxley Barter Corp. v Considar, Inc.*, 216 AD2d 24). However, defendant Gregos' undisputed testimony that he had visited New York to advise defendant Mourginakis with respect to the debt restructuring transaction underlying the complaint, and that over the years he had acted as Mourginakis' principal, had been kept abreast of developments in their business through regular telephone calls to New York, and had knowledge of what Mourginakis was doing and consented to it, though not necessarily indicative of a formal agency relationship, was sufficient to subject him to this State's jurisdiction with respect to the transactions complained of (*see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467). Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.